UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | |
|---|---|
| DEBBIE ANZALDUA, Individually and On Behalf of All Others Similarly Situated, <br><br> Plaintiff, <br><br> v. <br><br> LONE STAR LABS INC. AND VAN C. QUAN <br> Defendants. | No._____ <br><br> JURY TRIAL DEMANDED |

**PLAINTIFF'S ORIGINAL COMPLAINT**

TO THE HONORABLE JUDGE OF SAID COURT:

COMES NOW Plaintiff Debbie Anzaldua (referred to as "Plaintiff" or "Anzaldua") bringing this collective action and lawsuit on behalf of herself and all other similarly situated employees to recover unpaid overtime wages from Defendants Lone Star Labs Inc. and Van C. Quan (collectively referred to as "Defendants" or "Lone Star Labs"). In support thereof, she would respectfully show the Court as follows:

**I. Nature of Suit**

1. Anzaldua's claims arise under the Fair Labor Standards Act of 1938, 29 U.S.C. §§ 201-219 ("FLSA").

2. The FLSA was enacted to eliminate "labor conditions detrimental to the maintenance of the minimum standard of living necessary for health,

efficiency and general well-being of workers … ."  29 U.S.C. § 202(a).  To achieve its humanitarian goals, the FLSA defines appropriate pay deductions and sets overtime pay, minimum wage, and recordkeeping requirements for covered employers.  29 U.S.C. §§ 206(a), 207(a), 211(c).

3. Lone Star Labs violated the FLSA by employing Anzaldua and other similarly situated nonexempt employees "for a workweek longer than forty hours [but refusing to compensate them] for [their] employment in excess of [forty] hours … at a rate not less than one and one-half times the regular rate at which [they are or were] employed."  29 U.S.C. § 207(a)(1).

4. Lone Star Labs violated the FLSA by failing to maintain accurate time and pay records for Anzaldua and other similarly situated nonexempt employees as required by 29 U.S.C. § 211(c) and 29 C.F.R. pt. 516.

5. Anzaldua brings this collective action under 29 U.S.C. § 216(b) on behalf of herself and all other similarly situated employees to recover unpaid overtime wages.

## II.  Jurisdiction & Venue

6. The Court has jurisdiction of this action pursuant to 28 U.S.C. § 1331 and 29 U.S.C. § 216(b) because it arises under the FLSA, a federal statute.

7. Venue is proper in this district and division pursuant to 28 U.S.C. § 1391(b)(1), (2) because Lone Star Labs resides in the Houston Division of the Southern District of Texas and/or a substantial part of the events or omissions

giving rise to Anzaldua's claims occurred in the Houston Division of the Southern District of Texas.

### III. Parties

8. Debbie Anzaldua is an individual who resides in Harris County, Texas and who was employed by Lone Star Labs during the last three years.

9. Lone Star Labs Inc. is a Texas corporation that may be served with process by serving its registered agent: Reiko Cho, at 1005 St. Emanuel #206, Houston, Texas 77003. Alternatively, if the registered agent of Lone Star Labs Inc. cannot with reasonable diligence be found at the company's registered office, Lone Star Labs Inc. may be served with process by serving the Texas Secretary of State pursuant to TEX. BUS. ORG. CODE § 5.251 and TEX. CIV. PRAC. & REM. CODE § 17.026.

10. Van C. Quan is an individual who may be served with process at 7675 Phoenix Drive #606, Houston, Texas 77030 or wherever she may be found.

11. Whenever it is alleged that Lone Star Labs committed any act or omission, it is meant that Lone Star Labs' officers, directors, vice-principals, agents, servants or employees committed such act or omission and that, at the time such act or omission was committed, it was done with the full authorization, ratification or approval of Lone Star Labs or was done in the routine and normal course and scope of employment of Lone Star Labs' officers, directors, vice-principals, agents, servants or employees.

### IV. Facts

12. Lone Star Labs is a DNA sequencing company; it does business in the territorial jurisdiction of this Court.

13. Lone Star Labs employed Anzaldua as a administrative assistant/lab technician from November 2002 through November 2015.

14. During Anzaldua's employment with Lone Star Labs, she was engaged in commerce or the production of goods for commerce.

15. During Anzaldua's employment with Lone Star Labs, the company was an enterprise engaged in commerce because it (1) had employees engaged in commerce or in the production of goods for commerce or had employees handling, selling or otherwise working on goods or materials that had been moved in or produced for commerce by others and (2) had an annual gross volume of sales made or business done of at least $500,000.

16. Lone Star Labs paid Anzaldua on an hourly basis.

17. During Anzaldua's employment with Lone Star Labs, she regularly worked in excess of forty hours per week.

18. Lone Star Labs knew or reasonably should have known that Anzaldua worked in excess of forty hours per week.

19. Lone Star Labs did not pay Anzaldua overtime "at a rate not less than one and one-half times the regular rate at which she [was] employed." 29 U.S.C. § 207(a)(1).

20. Instead, Lone Star Labs paid Anzaldua at the same hourly rate (i.e., her straight time rate) regardless of the number of hours she worked.

21. Lone Star Labs knew or reasonably should have known that Anzaldua was not exempt from the overtime provisions of the FLSA.

22. Lone Star Labs failed to maintain accurate time and pay records for Anzaldua as required by 29 U.S.C. § 211(c) and 29 C.F.R. pt. 516.

23. Lone Star Labs knew or showed a reckless disregard for whether its pay practices violated the FLSA.

24. Lone Star Labs is liable to Anzaldua for her unpaid overtime wages, liquidated damages and attorney's fees and costs pursuant to 29 U.S.C. § 216(b).

25. All administrative assistants and lab technicians employed by Lone Star Labs are similarly situated to Anzaldua because they (1) have similar job duties; (2) regularly work in excess of forty hours per week; (3) are not paid overtime for the hours they work in excess of forty per week as required by 29 U.S.C. § 207(a)(1) and (4) are entitled to recover their unpaid overtime wages, liquidated damages and attorneys' fees and costs from Lone Star Labs pursuant to 29 U.S.C. § 216(b).

**V. Count One—Failure To Pay Overtime in Violation of 29 U.S.C. § 207(a)**

26. Lone Star Labs adopts by reference all of the facts set forth above. *See*, FED. R. CIV. P. 10(c).

27. During Anzaldua's employment with Lone Star Labs, she was a nonexempt employee.

28. As a nonexempt employee, Lone Star Labs was legally obligated to pay Anzaldua "at a rate not less than one and one-half times the regular rate at which she [was] employed[]" for the hours that she worked over forty in a workweek. 29 U.S.C. § 207(a)(1).

29. Lone Star Labs did not pay Anzaldua overtime as required by 29 U.S.C. § 207(a)(1) for the hours she worked in excess of forty per week.

30. Instead, Lone Star Labs paid Anzaldua at the same hourly rate (i.e., her straight time rate) regardless of the number of hours she worked.

31. If Lone Star Labs classified Anzaldua as exempt from the overtime requirements of the FLSA, she was misclassified because no exemption excuses the company's noncompliance with the overtime requirements of the FLSA.

32. Lone Star Labs knew or showed a reckless disregard for whether its pay practices violated the overtime requirements of the FLSA. In other words, Lone Star Labs willfully violated the overtime requirements of the FLSA.

### VI. Count Two—Failure To Maintain Accurate Records in Violation of 29 U.S.C. § 211(c)

33. Anzaldua adopts by reference all of the facts set forth above. *See*, FED. R. CIV. P. 10(c).

34. The FLSA requires employers to keep accurate records of hours worked by and wages paid to nonexempt employees. 29 U.S.C. § 211(c); 29 C.F.R. pt. 516.

35. In addition to the pay violations of the FLSA described above, Lone Star Labs also failed to keep proper time and pay records as required by the FLSA.

### VII. Count Three—Collective Action Allegations

36. Anzaldua adopts by reference all of the facts set forth above. *See*, FED. R. CIV. P. 10(c).

37. On information and belief, other employees have been victimized by Lone Star Labs' violations of the FLSA identified above.

38. These employees are similarly situated to Anzaldua because, during the relevant time period, they held similar positions, were compensated in a similar manner and were denied overtime wages at one and one-half times their regular rates for hours worked over forty in a workweek.

39. Lone Star Labs' policy or practice of failing to pay overtime compensation is a generally applicable policy or practice and does not depend on the personal circumstances of the putative class members.

40. Since, on information and belief, Anzaldua's experiences are typical of the experiences of the putative class members, collective action treatment is appropriate.

41. All employees of Lone Star Labs, regardless of their rates of pay, who were paid at a rate less than one and one-half times the regular rates at which they were employed for the hours that they worked over forty in a workweek are similarly situated. Although the issue of damages may be individual in character,

there is no detraction from the common nucleus of liability facts. The Class is therefore properly defined as:

> All administrative assistants and lab technicians employed by Lone Star Labs Inc. during the last three years.

42. Lone Star Labs is liable to Anzaldua and the other administrative assistants and lab technicians for the difference between what it actually paid them and what it was legally obligated to pay them.

43. Because Lone Star Labs knew and/or showed a reckless disregard for whether its pay practices violated the FLSA, the company owes Anzaldua and the other administrative assistants and lab technicians their unpaid overtime wages for at least the last three years.

44. Lone Star Labs is liable to Anzaldua and the administrative assistants and lab technicians in an amount equal to their unpaid overtime wages as liquidated damages.

45. Lone Star Labs is liable to Anzaldua and the other administrative assistants and lab technicians for their reasonable attorneys' fees and costs.

46. Anzaldua has retained counsel who are well versed in FLSA collective action litigation and who are prepared to litigate this matter vigorously on behalf of her and all other putative class members.

## VIII. Jury Demand

47. Anzaldua demands a trial by jury.

## IX.  Prayer

48. Anzaldua prays for the following relief:

   a. an order allowing this action to proceed as a collective action under 29 U.S.C § 216(b);

   b. judgment awarding Anzaldua and the other administrative assistants and lab technicians all unpaid overtime compensation, liquidated damages, attorneys' fees and costs;

   c. prejudgment interest at the applicable rate;

   d. postjudgment interest at the applicable rate;

   e. incentive awards for any class representative(s); and

   f. all such other and further relief to which Anzaldua and the other administrative assistants and lab technicians may show themselves to be justly entitled.

Respectfully submitted,

**MOORE & ASSOCIATES**

By: _____
Melissa Moore
State Bar No. 24013189
Federal Id. No. 25122
Rochelle Owens
State Bar No. 24048704
Federal Id. No. 590507
Curt Hesse
State Bar No. 24065414
Federal Id. No. 968465
Lyric Center
440 Louisiana Street, Suite 675
Houston, Texas 77002
Telephone: (713) 222-6775
Facsimile: (713) 222-6739

**ATTORNEYS FOR PLAINTIFF**